IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BOILERMAKER-BLACKSMITH
NATIONAL PENSION FUND,** *et al.***,**

    **Plaintiffs,**

    v.                                Case No. 14-2029

**TESAR INDUSTRIAL CONTRACTORS, INC.,**

    **Defendant.**

## MEMORANDUM AND ORDER

On February 23, 2015, the court granted plaintiffs' motion for summary judgment, and the court entered judgment in favor of plaintiffs for unpaid contributions pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"). (Docs. 25 and 26.) In March 2015, plaintiffs filed a Motion for Attorney Fees (Doc. 27), which is the matter before the court. Plaintiffs submitted a statement regarding its motion for attorney's fees (Doc. 28) and thus have complied D. Kan. Rule 54.2. Defendant initially filed a response, opposing the fees as excessive. After plaintiffs replied, defendant withdrew their opposition to plaintiffs' motion, rendering plaintiffs' motion unopposed.[1] (Doc. 32.) Nevertheless, the court must determine whether plaintiffs' request for $31,437.11 in attorney's fees and costs is reasonable.

Because this action is brought by a fiduciary for or on behalf of a plan, 29 U.S.C. § 1132(g)(2) applies. Where a judgment in favor of the plan is entered, the court *must* award "reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2). *Trustees of Colo. Statewide Ironworkers Apprenticeship Fund v. A & P Steel, Inc.*, 824 F.2d 817, 818 (10th Cir. 1987). To determine a reasonable fee award, the court conducts a lodestar calculation by multiplying the

---

[1] To be sure, even in its now-withdrawn response, defendant never challenged the fact they owe plaintiff reasonable attorney's fees and costs; rather, defendant disputed the amount.

-1-

number of hours reasonably spent by counsel on the litigation by a reasonable hourly rate. *Boilermaker-Blacksmith Nat'l Pension Fund v. Alliance Constructors, Inc.*, No. CIV.A. 09-2289-DJW, 2013 WL 1980451, at *5 (D. Kan. May 13, 2013); *see also Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010).

The court must first review the number of claimed hours spent by plaintiffs' counsel on this case. Plaintiffs bear the burden of showing the claimed hours worked are reasonable. *See Boilermaker-Blacksmith Nat'l Pension Fund v. Ace Polyethylene Bag Co.*, No. 01-2028-KHV, 2002 WL 372868, at *1 (D. Kan. Mar. 7, 2002). Plaintiffs offer a detailed itemization of the attorney and paralegal services performed in this case. (*See* Doc. 29-1.) Plaintiffs have been billed for 155 hours of time. The court has reviewed the itemization submitted by plaintiff and finds the claimed number of hours reasonable.

The court must also determine whether plaintiffs' hourly rate is reasonable by comparing that rate to the prevailing market rate in the community for attorneys with similar skill and experience. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1204 (10th Cir. 1998) (citations omitted). Plaintiffs were billed: $230.00 per hour for partner-level work performed by Charles R. Schwartz; $200.00 per hour for associate-level work performed by Carol A. Krstulic; and $110.00 per hour for paralegal work performed by Kathleen Zans and Chase A. Tweel. This and other courts in this district have found that the Kansas Bar Association's Economics of Law Practice Report represents probative evidence of the prevailing rates in Kansas. *Mr. Elec. Corp. v. Khalil*, No. 06-2414-CM, 2013 WL 5651398, at *6 (D. Kan. Oct. 16, 2013); *Univ. of Kan. v. Sinks*, 2009 WL 3191707, at *11 (D. Kan. Sept. 28, 2009) (collecting cases). After reviewing the 2012 version of that report, the court finds it accurately represents the prevailing rates in the Kansas City area. The court therefore finds plaintiffs' requested hourly rates are reasonable.

Thus, the court finds plaintiffs' claimed number of hours and the hourly rate charged to be reasonable. Further, defendant no longer opposes plaintiffs' figures. (Doc. 32.) The court therefore awards reasonable attorney's fees in the amount of $30,759.00 to plaintiffs.

Finally, 29 U.S.C. § 1132(g)(2) provides for the recovery of costs of the action. Plaintiffs' counsel has incurred $678.11 in costs during this action, which includes a filing fee ($400.00), service of process costs ($118.75), and legal research ($159.36). The court finds these costs reasonable and awards costs in the amount of $678.11 to plaintiffs.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Attorney Fees (Doc. 27) is granted.

**IT IS FURTHER ORDERED** that plaintiffs are awarded $31,437.11 in attorney's fees.

Dated this 17th day of June, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
